UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| K. PETROLEUM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-201-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PROPERTY TAX MAP NUMBER 7 | ) | |
| PARCEL 12, KNOX COUNTY, | ) | **MEMORANDUM OPINION** |
| KENTUCKY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion to dismiss [Record No. 17] and amended second motion to dismiss. [Record No. 19] The defendants seek dismissal of this condemnation action on the grounds that the easement requested is no longer necessary [Record No. 17] and that the amount-in-controversy is not sufficient to create federal diversity jurisdiction. [Record No. 19] The plaintiff asserts that the defendants waived the lack of necessity defense and that the required amount-in-controversy has been established. [Record No. 20] For the reasons outlined below, the defendants' motions will be denied.

## I.

On October 6, 2014, Plaintiff K. Petroleum Inc., a company that is engaged in the construction, maintenance, and operation of gas pipelines, filed this condemnation action under Kentucky Revised Statutes §§ 278.502 and 416.550 through 416.670. [Record No. 1,

- 1 -

¶¶ 1, 15]  The plaintiff seeks the condemnation of perpetual and temporary rights-of-way over approximately 8.5 acres of property in Knox County, Kentucky.  It asserts that the condemnation is necessary for the relocation and operation of an existing gas transmission pipeline known as T-632.  [*Id.*, ¶¶ 6, 12]  Under Federal Rule of Civil Procedure 71.1(c)(3) governing condemnation actions, the plaintiff named as defendants the individuals that were known to "have or claim an interest in the property."  [Record No. 1, ¶¶ 1–2]  The defendants filed their Answer on November 11, 2014, which included a counterclaim for trespass. [Record No. 10]  Thereafter, on December 15 and 23, 2014, the defendants filed the motions to dismiss.  [Record Nos. 17, 19]

## II.

Neither motion to dismiss specifies which Rule 12(b) defenses are being asserted. The first motion alleges that the easement requested in the Complaint is no longer necessary. [Record No. 17]  That motion will be addressed under Rule 12(b)(6).  The defendants' amended second motion to dismiss relates to the amount-in-controversy requirement for subject-matter jurisdiction which is properly raised under Rule 12(b)(1).

The plaintiffs initially argue that the defendants' motions must be converted into motions for summary judgment under Federal Rule of Civil Procedure 12(d).  [Record No. 20, p. 2]  Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  The defendants' motion to dismiss under Rule 12(b)(6) asserts that the easement is no longer necessary.  That motion does not contain any documents outside of the pleadings to be considered by the Court.  The defendants attached

- 2 -

two exhibits to the amended second motion to dismiss, under Rule 12(b)(1), regarding the value of the property at issue.   [Record No. 19-1]   These exhibits concern only the jurisdictional question.[1]   As a result, the Court may consider that evidence to resolve jurisdictional disputes under Rule 12(b)(1) without converting the defendants' motion into one seeking summary judgment.  *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012); *see also Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir. 2005) (finding that motions to dismiss for lack of subject matter jurisdiction under Ryle 12(b)(1) cannot be converted into a motion for summary judgment in the same way a motion under Rule 12(b)(6) can).

### A.  Necessity – 12(b)(6) Motion

The defendants assert that, because the plaintiff's use of the land may not be or may not have been permanent, the case must be dismissed so they can "refile their trespass action" in state court.  Specifically, the defendants contend that they have been advised by sub-contractors involved in this project (Mountain Ridge, LLC) that the transmission line has already been completed on another easement owned by the plaintiff, making the requested easement unnecessary.  [Record No. 17]

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when

---

[1]     The first exhibit consists of a warranty deed and affidavit of value from 1994, previously attached to the defendants' Answer.  [Record Nos. 10-1, pp. 1–5; Record No. 19-1, pp. 1–5 ]  The second exhibit is a 2015 assessment of the value of the property at issue.  [Record No. 10-1, p. 6]

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). In considering a 12(b)(6) motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted).

The plaintiff argues that the defendants have waived this necessity defense by failing to include it in their Answer. [Record No. 20, pp. 3–4] Under Rule 71.1, "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71.1(e)(3). In paragraph 6 of the Complaint, the plaintiff set out allegations regarding "perpetual and temporary rights-of-way . . . *necessary* for the placement, upon relocation at the instruction of the Commonwealth of Kentucky Transportation Cabinet, Department of Highways, continued maintenance, and operation of a gas transmission pipeline." [Record No. 1, ¶ 6] The defendants admitted this allegation in their Answer.[2] [Record No. 10, ¶ 2] As a result, the defendants waived any objection or defense relating to the necessity of a temporary

---

[2]    The defendants also admitted a similar statement made in paragraph 12 of the Complaint. [Record No. 10, ¶ 2]

- 4 -

easement under Rule 71(e)(3).  Even if the defendants' assertion that the transmission line has been completed is correct,[3] and a perpetual easement is no longer required, they have waived any defense against the temporary easement requested in the Complaint.

**B. Amount-in-Controversy**

The plaintiff bears the burden of proof to demonstrate jurisdiction.  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  The defendants assert in their amended second motion to dismiss that the plaintiff has not proven that the amount-in-controversy is greater than $75,000.00.  [Record No. 19]; *See* 28 U.S.C. § 1332(a) ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .").  The Complaint alleges that the plaintiff will have to reroute the T-632 pipeline or construct additional pipelines on other property, and secure additional rights of way from surface and mineral owners, if it is unable to condemn the defendants' property.  [Record No. 1, ¶ 8]  The plaintiff contends that this will result in costs well in excess of $75,000.00.  [*Id.*]  However, the defendants allege that the proper measure of damages is the difference in the fair market value of the tract before and after the taking.  [Record No. 19, p. 2]

The Sixth Circuit has determined that the amount-in-controversy is generally calculated "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."  *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407

---

3    The defendants have provided the Court with no evidence that the transmission line has been completed in the manner stated in its motion to dismiss or cited to any legal authority in support of its motion.  Further, the motion to dismiss fails to mention that the Complaint requested both a permanent and temporary easement.  [*See* Record No. 17.]

(6th Cir. 2007); *see also Aus-Tex Exploration, Inc. v. Res. Energy Techs., LLC*, 646 F. Supp. 2d 874, 880 (W.D. Ky. 2009). Thus, the relevant determination for jurisdictional purposes is not the difference in the fair market value of the tract before and after the taking, but the costs the plaintiff will incur if unable to condemn the property. *See EQT Gathering, LLC v. A Tract of Prop. Situated in Knott, Cnty., Ky.*, No. 12-58-ART, 2012 WL 4321119, at *2 (E.D. Ky. Sept. 18, 2012).

In its amended second motion to dismiss, the defendants have not addressed the allegations in the Complaint. Instead, they have provided affidavits and documentation regarding only the value of the tract of land. [Record No. 19-1] Nothing in the defendants' motion gives rise to a factual controversy because no evidence has been provided to contradict the jurisdictional allegations in the Complaint. Therefore, the Court accepts the allegations in the Complaint as true in evaluating the defendants' challenge. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "For a case to be dismissed on amount in controversy grounds it must appear[] that the plaintiff's assertion of the amount in controversy was made in bad faith." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp 2d 779, 783 (E.D. Ky. 2008) (citations and quotations omitted). Here, it does not appear "to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Thus, dismissal of the case for lack of subject-matter jurisdiction is inappropriate.

## III.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

- 6 -

1.      The defendants' motion to dismiss [Record No. 17] is **DENIED**.

2.      The defendants' amended second motion to dismiss [Record No. 19] is

**DENIED**.

This 2nd day of February, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**