UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| K. PETROLEUM, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 14-201-DCR |
| ) | |
| V. ) | |
| ) | |
| PROPERTY TAX MAP NUMBER 7 ) | |
| PARCEL 12, KNOX COUNTY, ) | **MEMORANDUM OPINION** |
| KENTUCKY, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff K. Petroleum, Inc.'s ("KPI") motion to dismiss. [Record No. 36] The plaintiff asserts that the defendants cannot maintain claims of trespass or seek punitive damages because their sole vehicle for recovery is reverse condemnation. Conversely, the defendants have moved for partial summary judgment on their counterclaim for trespass and punitive damages and on the plaintiff's claim for condemnation of a temporary rights-of-way. [Record No. 46] For the reasons outlined below, the plaintiff's motion will be granted and the defendants' motion will be denied.

I.

KPI is a company engaged in the construction, maintenance, and operation of gas pipelines. [Record No. 29, ¶ 1] In September 2014, as the result of a bridge relocation project, KPI began construction of the T-632 gas transmission pipeline over property owned by Defendants Jack Elliott, Jr., Marilyn Louise Elliott, and Holly Jean Elliott, and located in

- 1 -

Knox County, Kentucky. KPI hired Mountain Ridge, LLC, to place the pipeline. [Record No. 36-3, p. 4] However, KPI did not seek condemnation of the property in issue prior to commencing work because "the pipeline was intended and believed to be constructed on property adjacent" to the defendants' property. [Record No. 29, ¶ 11] Employees of Mountain Ridge were told where to place the pipeline by a KPI representative and a state inspector that was overseeing the project. [Record No. 36-3, p. 17] On September 25, 2014, Jack Elliott, Jr. discovered that construction of the pipeline had begun on the property. After he was told that a "house tap" would not be provided, he demanded that Mountain Ridge's employees leave the property and cease all construction. [*Id.*, pp. 17–18] KPI attempted but was unable to reach an agreement with the defendants to allow installation of the pipeline to continue. [Record No. 29, ¶ 15] This delay caused the project to be put on hold for approximately three weeks and for the pipe already placed in the defendants' property to remain. [Record No. 36-3, p. 7]

On October 6, 2014, the plaintiff filed this action under Kentucky Revised Statutes §§ 278.502 and 416.550 through 416.670, seeking condemnation of a perpetual and temporary rights-of-way over the defendants' property. [Record No. 1, ¶¶ 1, 15] Under Rule 71.1(c)(3) of the Federal Rules of Civil Procedure which governs condemnation actions, the plaintiff named as defendants the individuals that were known to "have or claim an interest in the property." [Record No. 1, ¶¶ 1–2] Thereafter, KPI made arrangements to construct the portion of the T-632 pipeline at issue over other land not owned by the defendants. [Record Nos. 29, ¶11, 36-3, p. 7] The pipeline was finished and became operational on October 17,

2014.  [Record No. 36-3, p. 9]   The defendants filed their answer on November 4, 2014, and also asserted a counterclaim for trespass and punitive damages.  [Record No. 10]

Thereafter, the defendants filed motions to dismiss the underlying action, asserting that an easement was no longer necessary and that the amount-in-controversy was not sufficient for federal diversity jurisdiction.  [Record Nos. 17, 19]  On February 2, 2015, the Court denied both motions.  [Record No. 26]  KPI subsequently filed an Amended Complaint setting forth claims relevant to temporary rights-of-way over the property in question and removing the claim for a permanent right-of-way.  [Record No. 29]  The defendants' Answer, filed February 18, 2015, again included a counterclaim for trespass and punitive damages.  [Record No. 32]  On March 19, 2015, the plaintiff moved to dismiss the counterclaim.  [Record No. 36]  The defendants then moved for partial summary judgment on their counterclaim and on the plaintiff's claim for condemnation of temporary rights-of-way.  [Record No. 46]

## II.

### A. Plaintiff's Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the [moving party] pleads factual content that allows the court to draw the reasonable inference that the [nonmoving party] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although the complaint

2014.  [Record No. 36-3, p. 9]   The defendants filed their answer on November 4, 2014, and also asserted a counterclaim for trespass and punitive damages.  [Record No. 10]

Thereafter, the defendants filed motions to dismiss the underlying action, asserting that an easement was no longer necessary and that the amount-in-controversy was not sufficient for federal diversity jurisdiction.  [Record Nos. 17, 19]  On February 2, 2015, the Court denied both motions.  [Record No. 26]  KPI subsequently filed an Amended Complaint setting forth claims relevant to temporary rights-of-way over the property in question and removing the claim for a permanent right-of-way.  [Record No. 29]  The defendants' Answer, filed February 18, 2015, again included a counterclaim for trespass and punitive damages.  [Record No. 32]  On March 19, 2015, the plaintiff moved to dismiss the counterclaim.  [Record No. 36]  The defendants then moved for partial summary judgment on their counterclaim and on the plaintiff's claim for condemnation of temporary rights-of-way.  [Record No. 46]

## II.

### A. Plaintiff's Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the [moving party] pleads factual content that allows the court to draw the reasonable inference that the [nonmoving party] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although the complaint

need not contain "detailed factual allegations" to survive a motion to dismiss, the "[moving party's] obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The defendants have filed a counterclaim for trespass and punitive damages as a result of the plaintiff's encroachment onto their land. [Record No. 32, p. 3] The plaintiff, however, asserts that the sole remedy available under the circumstances is reverse condemnation and that the defendants' counterclaim should be dismissed. [Record No. 36-2] Conversely, the defendants contend that the plaintiff's motion must be denied because the operation of the pipeline is not necessary or for a public use. [Record No. 42, pp. 3–7] The defendants do not contest that KPI, as a company engaged in the construction, maintenance, and operation of gas pipelines, has the power to condemn land for public purposes pursuant to K.R.S. §§ 278.502 and 416.550 through 416.670.

A review of Kentucky case law demonstrates that claims for trespass and punitive damages are disfavored in cases involving the power of eminent domain. In *Witbeck v. Big Rivers Rural Electric Cooperative Corporation*, 412 S.W.2d 265 (Ky. 1967), the plaintiff asserted a claim for trespass and punitive damages resulting from the defendant's entry onto their property without prior payment of compensation or an easement. This was determined to be a reverse condemnation case rather than a trespass case, eliminating the possibility of punitive damages. The court in *Witbeck* found:

> The rule is that where an entity possessing the power of eminent domain prematurely enters upon the premises of the condemnee, the exclusive remedy of the landowners is based on Kentucky Constitution, Section 242, which

Case: 6:14-cv-00201-DCR-HAI Doc #: 54 Filed: 06/15/15 Page: 5 of 11 - Page ID#: 409

>provides that "just compensation for property taken" shall be made. This remedy is frequently referred to as "reverse condemnation." (citations omitted). The measure of damages is the same as in condemnation cases. Separate recovery of punitive damages is prohibited.

*Id.* at 269.

Likewise, in *Kentucky & West Virginia Power Company v. Vanhoose*, 295 Ky. 339, 174 S.W.2d 538 (Ky. 1943), two landowners filed suit for trespass and punitive damages against an electric company as a result of power lines built across their property without first making just compensation. The court concluded that "[w]here land is taken for its use by a corporation having the power to condemn, without having made just compensations, . . . the suit is to be treated as an appeal from a condemnation judgment." *Id.* at 539. In *Eversole v. Morgan Coal Company*, 297 S.W.2d 51 (Ky. 1956), a coal company departed from a right-of-way condemned over the landowner's property. There, the Court determined that the suit seeking payment for past use and requesting an injunction against future use should be construed as a condemnation case with the proper measure of damages being the difference between the market value before and after the taking. *Id.* at 54. The Kentucky Court of Appeals also has found that condemnation proceedings are the correct measure of damages even in cases where land has been taken "illegally."[1] *Harlan Cnty. v. Cole*, 218 Ky. 819, 292 S.W. 501, 503 (Ky. 1927) ("[T]he fact that [the state] obtained the right of way in this instance illegally makes it none the less the appropriation of appellee's land.").

The defendants attempt to distinguish these cases based on the success of the taking. They assert that, because the plaintiff was forced to reroute the pipeline through other

---

1 At the time of this decision, the Kentucky Court of Appeals was the highest state court.

property and is now not using the pipeline on their property, the cause of action is one for trespass with punitive damages being available as a remedy. [Record No. 42, pp. 4–7] However, as demonstrated by the relevant case law above, it is well-established under Kentucky law that where an entity possessing the power of eminent domain prematurely enters upon the premises of the condemnee, the exclusive cause for relief is reverse condemnation. Although the plaintiff did not have permission to direct the T-632 pipeline through the defendants' property, Kentucky courts have continually found -- even in cases of "illegal" activity -- that the resulting claim cannot be one for trespass and punitive damages.

The defendants do not assert that a public use and necessity did not exist at the time construction of the pipeline took place on their land. In fact, it was not until after the defendants refused access to their land that arrangements were made to construct the pipeline on other property. [Record Nos. 29, ¶11, 36-3, p. 7] Instead, the defendants attempt to play the results and transform the nature of the activity involved. However, they have not provided any authority suggesting that a landowner's refusal to allow a company vested with the power of eminent domain to continue work on their property transforms the cause of action from one of condemnation to trespass.

In summary, the only claim available to the defendants is reverse condemnation. Thus, recovery under a theory of trespass is prohibited and punitive damages are not available.

### III.

**B. Defendants' Motion for Partial Summary Judgment**

The defendants have also moved for partial summary judgment on their counterclaim of trespass and punitive damages and on the plaintiff's claim for temporary rights-of-way. [Record No. 46] For the reasons outlined above, their counterclaim will be dismissed. However, the defendants' motion for summary judgment on the plaintiff's claim for condemnation of temporary rights-of-way remains.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, the party opposing summary judgment must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion for summary judgment. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). In deciding whether to grant summary judgment, the Court

views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

KPI has authority to condemn property under Kentucky law. Section 278.502 of the Kentucky Revised Statutes grants condemnation power to gas pipeline companies when certain conditions are met. The statute states:

> Any corporation or partnership organized for the purpose of, and any individual engaged in or proposing to engage in, constructing, maintaining, or operating oil or gas wells or pipelines for transporting or delivering oil or gas, including oil and gas products, in public service may, if it is unable to contract or agree with the owner after a good faith effort to do so, condemn the lands and material or the use and occupation of the lands that are necessary for constructing, maintaining, drilling, utilizing, and operating pipelines, underground oil or gas storage fields, and wells giving access thereto and all necessary machinery, equipment, pumping stations, appliances, and fixtures, including tanks and telephone lines, and other communication facilities, for use in connection therewith, and the necessary rights of ingress and egress to construct, examine, alter, repair, maintain, operate, or remove such pipelines or underground gas storage fields, to drill new wells and utilize existing wells in connection therewith, and remove pipe, casing, equipment, and other facilities relating to such underground storage fields and access wells.

K.R.S. § 278.502.

The plaintiff seeks condemnation for temporary rights-of-way "relating to the construction of the relocated T-632 pipeline, which allowed [KPI] to maintain, utilize, and operate the underground pipeline to transport gas . . . [and] to effectively operate the pipeline to transport gas generated in Kentucky." [Record No. 29, ¶ 13] Further, the temporary rights-of-way seek "use and access to the subject property necessary for the construction and maintenance of the T-632 pipeline and the temporary storage of excavated material and construction tools and equipment and other construction activities." [*Id.*, ¶ 14] The defendants argue that the temporary rights-of-way sought by the plaintiff are not "in public

service" or "necessary" under the statute and that summary judgment is proper.[2]  [Record No. 46-1, pp. 5–7]

### 1. Public Service Requirement

Kentucky has determined that transportation of natural gas by common carrier is a public service. In the defendants' motion for summary judgment, they do not argue that that KPI is not a common carrier of natural gas or a public service company under Kentucky law. Additionally, they do not contest that the T-632 pipeline is for a public service. Instead, the defendants assert that the plaintiff's fail to meet the public service requirement because the T-632 pipeline has already been completed on other property. [Record No. 46-1] In support, the defendants cite the deposition testimony of William Corey, the operations manager at Mountain Ridge. In response to questions regarding whether there is a purpose for an easement across the property in question for implementation of the gas transmission line after the line was completed on adjacent property, Corey responded "[n]o, no, it's – the line is in place." [Record No. 36-3, p. 11] The defendants assert that this admission demonstrates that rights-of-way are no longer needed over the property in issue.

The defendants, however, have failed to provide evidence that the *temporary* rights-of-way sought are not for a public service. They have provided evidence that a permanent right-of-way over the land is no longer needed. But the plaintiff no longer seeks a permanent right-of-way. Instead, it alleges a need for temporary rights-of-way relating to the portion of the T-632 pipeline previously constructed on the defendants' property. Temporary rights-of-

---

2   The defendants do not assert that the plaintiff failed to engage in a "good faith effort" to contract or come to an agreement.

way are available under Kentucky law in connection with a corporation's utilization of the eminent domain power. *See* K.R.S. § 416.660(1) ("In all [condemnation] actions . . . there shall be awarded to the landowners as compensation . . . the fair rental value of any temporary easements sought to be condemned."). Although the pipeline constructed on the defendants' land is admittedly not in use at this time, the defendants have provided no evidence that temporary rights-of-way over the property would not be used for a public service.

### 2. Necessity Requirement

The defendants further contend that the temporary rights-of-way are not "necessary" under K.R.S. § 278.502. Again, they argue that because the pipeline has been completed, temporary rights-of-way are not necessary. [Record No. 46-1, p. 7]  Under the statute, common carriers have the authority to condemn property that is "necessary for constructing, maintaining, drilling, utilizing, and operating pipelines . . . and [have] the necessary right of ingress and egress to construct, examine, alter, repair, maintain, operate, or remove such pipelines."  Similar to their arguments regarding public service, the defendants only address whether a permanent right-of-way over the property at issue is necessary. However, as stated above, temporary rights-of-way are available in condemnation actions. *See* K.R.S. § 416.660(1). The defendants have failed to provide arguments or evidence demonstrating that temporary rights-of-way are not "necessary" under the statute. Thus, the defendants' motion for partial summary judgment will be denied.

### IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion to dismiss the defendants' counterclaim for trespass and punitive damages [Record No. 36] is **GRANTED**.

2. The defendants' motion for partial summary judgment [Record No. 46] is **DENIED**.

This 15th day of June, 2015.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge