UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| K. PETROLEUM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-201-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PROPERTY TAX MAP NUMBER 7 | ) | **MEMORANDUM OPINION** |
| PARCEL 12, KNOX COUNTY, | ) | **AND ORDER** |
| KENTUCKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the defendants' motion for reconsideration of the Court's June 15, 2015 Memorandum Opinion and Order [Record No. 54] which granted the plaintiff's motion to dismiss the defendants' counterclaim for trespass and punitive damages and denied the defendants' motion for partial summary judgment. [Record No. 58] Dissatisfied with this decision, the defendants ask the Court to reconsider this ruling in light of what they consider to be new evidence. While the Court will not reiterate its entire analysis or the factual background of the case,[1] the Court will address the concerns set forth in the present motion. The motion will be denied for the reasons discussed below.

Motions to reconsider are evaluated under the same standard as motions to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Cnty. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir. 2010)). To succeed, the

---

1   The relevant facts were described in detail in the Court's June 15, 2015 Memorandum Opinion and Order. [Record No. 54, pp. 1–3]

defendant must show: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). However, Rule 59 should not be used to reargue a case on the merits. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The defendants do not assert that there has been an intervening change in the controlling law, that there has been a clear error of law, or that reconsideration is needed to prevent manifest injustice. Instead, they argue that newly discovered evidence warrants reconsideration. [Record No. 58, p. 2] Specifically, the defendants assert that an open records request to the Kentucky Transportation Cabinet resulted in the discovery of a Lump Sum Agreement between that entity and the plaintiff, and the discovery of a plat referenced as Attachment A.[2] They contend that this evidence demonstrates that a right-of-way was granted to the plaintiff and that the pipeline in issue was placed outside the right-of-way. [*Id.*]

The Court has reviewed and considered the contents of the Lump Sum Agreement and Attachment A and finds that they do not constitute newly discovered evidence. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (E.D. Mich. 1995) ("[E]vidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before."). As an initial

---

2   The defendants also contend that the deposition of Jeffrey Crowder, the supervisor on the project for the Transportation Cabinet, demonstrates newly discovered evidence. However, a transcript of the deposition has not been filed despite the defendants' assertion that one would be provided. [Record No. 58, p. 3]

matter, the Court notes that the plat referred to as Attachment A has already been entered into the record as an exhibit attached to the plaintiff's Complaint. [Record No. 1-1] Further, the Lump Sum Agreement was entered into well prior to the Court's June 15, 2015 Memorandum Opinion and Order,[3] and the defendants were aware of the existence of an agreement with the Transportation Cabinet regarding where the pipeline was to be located. [Record Nos. 1, ¶¶ 7, 11; 29, ¶¶ 11–12] Rule 59(e) pertains to newly discovered evidence, not newly submitted evidence. *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Because the evidence submitted was available to the defendants prior to the Court's July 15, 2015 Memorandum Opinion and Order, it does not constitute newly discovered evidence. Ultimately, the defendants' motion does no more than rehash the same arguments already presented that were previously considered and rejected. Accordingly, it is hereby

**ORDERED** that the defendants' motion for reconsideration [Record No. 58] is **DENIED**.

This 19th day of August, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[3] Lump Sum Agreement has an execution date of January 5, 2014. However, it does not appear to have been approved by the Commonwealth until December 30, 2014. [Record No. 58-2, p. 15] Regardless, it is clear that the agreement was effective prior to the Court's June 15, 2015 Memorandum Opinion and Order and that the defendants were aware of its existence.